# IN THE COURT OF APPEALS OF IOWA

No. 16-0367
Filed January 11, 2017

**BORN FREE USA and THE ANIMAL RESCUE LEAGUE OF IOWA, INC.,**
    Petitioners-Appellants,

**vs.**

**IOWA DEPARTMENT OF AGRICULTURE AND LAND STEWARDSHIP,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Appellants Born Free USA and the Animal Rescue League of Iowa, Inc., appeal the district court's ruling affirming the Iowa Department of Agriculture and Land Stewardship's denial of the appellant's petition for rulemaking regarding registration of dangerous wild animals. **AFFIRMED.**

Devin C. Kelly of Allen, Vernon, & Hoskins, PLC, Marion, for appellants.

Jessica L. Blome of Animal Legal Defense Fund, Cotati, California, for appellants.

Thomas J. Miller, Attorney General, and Jacob J. Larson, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DOYLE, Presiding Judge.**

The appellants, Born Free USA and the Animal Rescue League of Iowa, Inc. (collectively, ARL) appeal the district court's ruling affirming the Iowa Department of Agriculture and Land Stewardship's (IDALS) denial of the appellant's petition for rulemaking regarding registration of dangerous wild animals. ARL argues: (1) under Iowa Code chapter 717F (2013), IDALS has the statutory authority to promulgate ARL's proposed rule; and (2) IDALS did not give fair consideration to the ARL's petition for rulemaking. We affirm.

ARL filed a petition for rulemaking pursuant to Iowa Code section 17A.7(1) (2013) and Iowa Administrative Code rule 21-3.1, requesting IDALS amend rule 21-77.1 by adding a definition for the term "register" for purposes of Iowa Code chapter 717F, Iowa's Dangerous Wild Animal Act. IDALS denied the petition on two grounds: (1) IDALS lacked the specific statutory authority to promulgate the proposed rule, and (2) even if such authority existed, the proposed rule would result in increased regulatory burdens on both IDALS and the USDA licensees under section 717F.7(20). ARL filed a petition for judicial review with the district court alleging: (1) that IDALS had the authority to promulgate the proposed rule, and (2) IDALS' denial of the petition on the merits was without substance and was not the result of fair consideration. A hearing was held, and after reviewing the court file, the parties' arguments and submissions, and the applicable law, the district court entered an order concluding,

> IDALS correctly concluded that it does not have the authority to adopt the rule ARL advocates. In doing so, IDALS did not abuse its discretion because it had no authority to act. Even if IDALS had

such authority, IDALS' denial of the rule is not unreasonable, arbitrary, capricious or an abuse of discretion. The agency gave the petition advocating for promulgation of the rule fair consideration under both scenarios, which is all that was required.

The court affirmed in its entirety IDALS' decision denying ARL's petition for rulemaking. ARL now appeals.

We have carefully reviewed the record, the briefs of the parties, and the district court's ruling. We find the court's ruling to be thorough, well-reasoned, and superbly-crafted. The ruling identifies and considers all the issues presented. We approve of the reasons and conclusions in the district court ruling, and further discussion on our part would be of little value. Accordingly, we affirm by memorandum opinion. *See* Iowa Rule of Court 21.26(b), (d), and (e).

**AFFIRMED.**